UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY L. BROWN,<br><br>Petitioner,<br><br>v.<br><br>LAURA ELDRIDGE, Warden,<br><br>Respondent. | Case No. 20-cv-03405-YGR (PR)<br><br>**ORDER DENYING REQUEST FOR CERTIFICATE OF APPEALABILITY; DENYING MOTION FOR APPOINTMENT OF COUNSEL; AND GRANTING REQUEST TO PROCEED** *IN FORMA PAUPERIS* **ON APPEAL** |

Petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 3, 2020, the Court dismissed the petition because it was a second petition, successive to his previous case, Case No. C 98-02013 MMC (PR), and he had not obtained from the Ninth Circuit Court of Appeals an order authorizing the district court to consider the petition.

On June 26, 2020, Petitioner filed a notice of appeal and an application for a certificate of appealability ("COA"). Dkt. 9. Petitioner also moves for appointment of counsel and leave to proceed *in forma pauperis* on appeal. *Id.*

In an Order dated July 16, 2020, the Ninth Circuit remanded the case to the district court "for the limited purpose of granting or denying a [COA] at the court's earliest convenience." *Id.*

An appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding unless the petitioner first obtains a COA. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Section 2253(c)(1) applies to an appeal of a final order entered on a procedural question antecedent to the merits, as here. *See Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

"Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id.* at 484-85. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

at 484.  As each of these components is a "threshold inquiry," the federal court "may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id.* at 485.  Supreme Court jurisprudence "allows and encourages" federal courts to first resolve the procedural issue, as was done here.  *See id.*

The petition was dismissed because 28 U.S.C. § 2244(b)(3)(A) requires that petitioners must obtain permission from the United States Court of Appeals before filing a second or successive petition.  Petitioner did not obtain such permission, and he does not claim that he did not have a prior habeas case.  Because jurists of reason would not find the Court's conclusion debatable or wrong, the motion for a COA is DENIED.  Dkt. 9.

Also before the Court is Petitioner's motion for appointment of counsel, which is DENIED without prejudice to his renewing the motion in the court of appeals.  Dkt. 9.

Petitioner's request for leave to proceed *in forma pauperis* on appeal is GRANTED.  Dkt. 9.  The Clerk of the Court shall process the notice of appeal.

This Order terminates Docket no. 9.

IT IS SO ORDERED.

Dated: August 26, 2020

_____
YVONNE GONZALEZ ROGERS
United States District Judge