UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY L. BROWN,<br>    Petitioner,<br>v.<br>CHARLES SCHUYLER, Acting Warden,[1]<br>    Respondent. | Case No. 20-cv-03405-YGR (PR)<br><br>**ORDER DIRECTING RESPONDENT TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE GRANTED** |

## I. BACKGROUND

Petitioner Gregory L. Brown filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 3, 2020, the Court dismissed the petition because it was a second petition, successive to his previous case, Case No. C 98-02013 MMC (PR), and he had not obtained from the Ninth Circuit Court of Appeals an order authorizing the district court to consider the petition.

Petitioner appealed the Court's dismissal of his petition. The Court initially denied a certificate of appealability. However, upon review, the Court later found that petitioner was not challenging the same conviction and sentence, and instead his claims related to the state court's denial of his state habeas petition upon finding that the amendments to California Penal Code §§ 188 and 189 did not affect his convictions. *See* Dkt. 12 at 2 fn. 1 in Case No. 21-cv-2649-YGR (PR) (citing Dkt. 1 at 6-16). In addition, the Court noted that this case "seems to be unexhausted because he had not presented his claims to the state appellate and supreme courts when he filed

---

[1] Charles Schuyler, the current acting warden of the prison where petitioner is incarcerated, has been substituted as respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

that case in 2020."[2] *See id.* (citing Dkt. 1 at 6 fn. 1). Thus, the Court noted as follows: "Even though dismissal of that prior action still seems to have been appropriate, the request for a COA should have been granted because jurists of reason could find it debatable whether this Court was correct in finding that Petitioner was challenging the same conviction/sentence." *See id.*

The Ninth Circuit Court of Appeals reviewed this Court's decisions to dismiss the petition in both this case and in his other action, Case No. 21-cv-2649-YGR (PR). This Court's judgments in both cases were reversed and remanded in an opinion filed August 3, 2023. In its August 3, 2023 opinion, the Ninth Circuit stated as follows:

> Under the circumstances of this case, Brown's petitions raise claims that "were not ripe for adjudication" when he brought his prior habeas petitions, and so should not be dismissed as second or successive. *United States v. Buenrostro*, 638 F.3d 720, 725 (9th Cir. 2011) (per curiam). Therefore, we reverse and remand.

*Brown v. Atchley*, 76 F.4th 862, 864, 873 (9th Cir. 2023). On August 25, 2023, the Ninth Circuit mandate was issued.

Thus, the petition is now before the Court. Because it has been more than three years since the petition was filed, the Court will leave it to the parties to discuss whether any exhaustion issues still remain. Also, it does not appear from the face of the petition that it is without merit. Good cause appearing, the Court hereby issues the following orders:

1. The Clerk of the Court shall serve a copy of this order upon respondent and respondent's attorney, the Attorney General of the State of California, at the following email addresses: SFAWTParalegals@doj.ca.gov and docketingsfawt@doj.ca.gov. The petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The Clerk shall serve by mail a copy of this order on petitioner.

2. Respondent shall file with this Court and serve upon petitioner, within **sixty (60) days** of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules

---

[2] In its Aug. 3, 2023 opinion, the Ninth Circuit similarly noted that the petition was unexhausted at the time it was filed in 2020, stating as follows: "In May 2020, while Brown's appeal of this denial to the California Court of Appeal was still pending, Brown filed his third federal habeas petition [Case No. 20-16290]." *Brown*, 76 F.4th 871.

2

Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the Answer a copy of all portions of the relevant state records that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on respondent within **sixty (60) days** of his receipt of the Answer. Should petitioner fail to do so, the petition will be deemed submitted and ready for decision **sixty (60) days** after the date petitioner is served with respondent's Answer.

4. Respondent may file with this Court and serve upon petitioner, within **sixty (60) days** of the issuance of this Order, a motion to dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition to the motion within **sixty (60) days** of receipt of the motion, and respondent shall file with the Court and serve on petitioner a reply within **fourteen (14) days** of receipt of any opposition.

5. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss a *pro se* action without prejudice when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases). Petitioner must also serve on respondent's counsel all communications with the Court by mailing a true copy of the document to respondent's counsel.

6. Upon a showing of good cause, requests for a reasonable extension of time will be

granted provided they are filed on or before the deadline they seek to extend.

IT IS SO ORDERED.

Dated: September 18, 2023

_____
JUDGE YVONNE GONZALEZ ROGERS
United States District Judge